IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL M. WEHNER<br>1370 Morning Avenue<br>Columbus, OH 43212, | :<br><br>: | Case No. 2:18-cv-982 |
| Plaintiff, | : | Judge _____ |
| v. | : | |
| STANDARD INSURANCE COMPANY<br>1100 Southwest 6th Avenue<br>Portland, OR 97204, | :<br><br>: | Magistrate Judge_____ |
| Defendant. | : | |

**COMPLAINT**

**Jury Demand Endorsed Hereon**

For his Complaint against the Defendant, Standard Insurance Company, the Plaintiff, Daniel Wehner, states as follows:

**Parties**

1. The Plaintiff, Daniel Wehner, a citizen and resident of Ohio, is a self-employed financial planner and is a third-party beneficiary of a group disability insurance policy, Policy No. 649732-C (the "Policy"), issued by Standard Insurance Company to the Association for Independent and Franchise Professionals.

2. The Defendant, Standard Insurance Company ("Standard"), is an insurance company issued under the laws of this state with its principal place of business in Portland, OR, and its place of incorporation in a state other than Ohio.

## Jurisdiction and Venue

3. The Plaintiff's claim arises under the common law of Ohio, the parties are diverse, and the amount in controversy exceeds the jurisdictional amount. Jurisdiction is predicated on 28 U.S.C. §1332.

4. The Policy was issued by Standard and delivered to Wehner in Columbus, Franklin County, Ohio. Venue is appropriate in the Eastern Division of the Southern District of Ohio.

## Facts Common to All Claims

5. At all relevant times, Daniel Wehner was self-employed as a financial planner.

6. As an independent financial planner, Wehner was a member of the Association for Independent and Franchise Professionals.

7. As a member of the Association for Independent and Franchise Professionals, Wehner was eligible to participate in the disability benefit program established under the Policy.

8. In July 2015, Wehner became disabled from working due to severe back and hip pain, ulcerative colitis, and severe headaches resulting from hypoxia.

9. In 2006, Wehner underwent a laminectomy with fusion between his L4 and S1 vertebrae.

10. Wehner's back and hip pain has progressively worsened. He has since been diagnosed with, *inter alia*, spinal stenosis, degenerative disc disease, left lumbar radiculopathy, and plexopathy.

11. To treat his chronic back and hip pain, Wehner has been prescribed narcotics including tramadol, oxycodone, and Percocet.

12. In addition to the prescribed pain medications, multiple doctors have discussed surgical intervention for Wehner's chronic back pain. Wehner had to postpone a back surgery that had been scheduled for early 2017 after Wehner underwent a separate surgery to repair a torn rotator cuff in December 2016.

13. Wehner also suffers from persistent headaches stemming from a hypoxic event that occurred during sedation for an MRI in 2015.

14. Wehner's persistent headaches are worsened by using a computer and performing complex tasks.

15. Wehner has been prescribed Gabapentin, Fioricet, and riboflavin for his headaches, but the medications have not relieved the headaches.

16. Wehner also has a long history of severe gastrointestinal pain, which was diagnosed as ulcerative colitis in 2015.

17. For the ulcerative colitis, Wehner has been prescribed Bentyl and probiotics, among other treatments.

18. As a result of Wehner's medical problems and medication regimen, Wehner is unable to perform full-time work as a financial planner.

19. Under the terms of the Policy, Standard offers coverage for "Own Occupation" Disability as well as "Partial Disability."

20. In August 2016, Wehner applied for disability benefits from Standard.

21. In February 2017, Nels Carlson, a doctor employed by Standard, reviewed Wehner's file and concluded that Wehner had the capacity to engage in "sedentary level work." Carlson reached this conclusion in the absence of a personal medical evaluation, relying instead on assumptions drawn primarily from Facebook posts.

22. Based on Doctor Carlson's file review, Standard denied Wehner's claim for disability benefits.

23. After Wehner and his physicians submitted additional evidence in support of his claim, two additional Standard employees, Dr. Hubert Leonard and Dr. Heidi Hagman, also reviewed Wehner's file and, based solely on their file reviews, concluded that Wehner was not disabled from working full- or part-time, except for during Wehner's recovery from rotator cuff surgery.

24. In October 2017, Standard did determine that Wehner would have qualified for disability benefits during his recovery from his rotator cuff surgery in December 2016. However, Standard informed Wehner for the first time that it no longer considered him an insured under the Policy.

25. Under the terms of the Policy, Standard was entitled to require Wehner to appear for a medical evaluation or a functional capacity evaluation for the purpose of assessing his ability to work.  Standard did not ask Wehner to do so.

26. Although Wehner requested on multiple occasions that Standard reconsider its decision, Standard has refused to do so.

**Count I – For Breach of Contract**

27. The foregoing allegations are incorporated by reference as if fully rewritten herein.

28. Wehner brings this claim under the common law of Ohio.

29. Wehner is a third-party beneficiary under the Policy.

30. Wehner remains disabled under the Policy and entitled to a monthly benefit.

31. Standard breached the terms of its Policy by denying Wehner's claim.

4

32. As a direct and proximate cause of Standard's breach of contract, Wehner has suffered damage in the form of lost monthly disability benefits.

### Count II – For Bad Faith

33. The foregoing allegations are incorporated by reference as if fully rewritten herein.

34. Wehner brings this claim under the common law of Ohio.

35. Not only did Standard breach its contract with Wehner, it acted in bad faith in doing so. Standard's actions were in bad faith, *inter alia,* because:

   a. Although Standard had the right to require Wehner to be examined by an independent physician, Standard did not exercise that right.

   b. Standard denied Wehner's benefits based solely on the opinions of its own employees, none of whom personally examined Wehner.

   c. Despite ample medical evidence of Wehner's disability and without seeking clarification from Wehner, Standard's employees relied almost entirely on a handful of out-of-context Facebook posts as its rationale for denying Wehner's claim.

   d. Once Standard found evidence of disability, Standard informed Wehner that it had terminated his insurance coverage and would not provide disability benefits to Wehner.

36. As a direct and proximate cause of Standard's bad faith, Wehner has suffered harm.

37. Standard's actions, moreover, were in reckless disregard of Wehner's rights under the terms of the Policy.

WHEREFORE, the Plaintiff, Daniel Wehner, demands judgment in his favor and against Standard as follows:

A. For compensatory damages for breach of contract in an amount to be determined at trial, but in no event less than $75,000.00;

B. For compensatory damages for bad faith in an amount to be determined at trial, but in no event less than $75,000.00;

C. For punitive damages in an amount to be determined at trial, but in no event less than $75,000.00;

D. Attorney's fees and the costs of this action;

E. Pre-judgment and post-judgment interest; and

F. Such other and further relief as the Court determines to be just and equitable.

Respectfully submitted,

_____/s/ Tony C. Merry_____
Tony C. Merry        (0042471)
Trial Attorney
Law Offices of Tony C. Merry, LLC
7100 N. High Street, Suite 302
Worthington, Ohio  43085
(614) 372-7114
(614) 505-6109 [fax]
tmerry@tmerrylaw.com
Attorney for Plaintiff

**Jury Demand**

Plaintiff demands trial by jury.

_____/s/ Tony C. Merry_____